IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH R. ERNST,

    Plaintiff

v.            CIVIL ACTION NO.

EXPERIAN INFORMATION SOLUTIONS, INC. 3:11CV625

SERVE: David N. Anthony, Registered Agent
    1001 Haxall Point
    Richmond, VA 23219

and

TRANS UNION, LLC.

SERVE: Corporation Service Company, Registered Agent
    11 S. 12th Street
    Richmond, VA 23218

and

WACHOVIA MORTGAGE,
a division of WELLS FARGO BANK, N.A.

SERVE: Corporation Service Company, Registered Agent
    2730 Gateway Oaks Drive, Suite 100
    Sacramento, CA 95833

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, JOSEPH R. ERNST, (the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue is proper as three of the Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Plaintiff resides in this District and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, WACHOVIA MORTGAGE a division of WELLS FARGO BANK, N.A. ("Wachovia") is a mortgage loan servicing company and federally chartered bank authorized to conduct business in the Commonwealth of Virginia.

## FACTS

11. In or around October 2008, Plaintiff learned that his identity had been stolen and used to take out a mortgage loan in his name. This mortgage loan was taken out in his name but without his knowledge or permission.

12. This fraudulent account was opened by World Savings Bank, but subsequently transferred to Wachovia. It has an account number ending in 1936 ("the account").

13. Plaintiff immediately obtained a copy of his credit reports with Experian, Trans Union and Equifax and learned that each were reporting the account on his credit report.

14. Shortly thereafter, Plaintiff notified all of the Defendants, on multiple occasions that his identity had been stolen, that the account had been fraudulently obtained, and that the account should not be reported on his credit reports. Plaintiff also sent supporting documentation to all of the Defendants to support his claim of identity theft.

3

15. For the past three years, the Plaintiff has systematically forwarded written dispute letters to Experian and Trans Union regarding the fraudulent mortgage account on his credit report with Wachovia.

16. Trans Union and Experian responded to Plaintiff's disputes by advising that the Wachovia account had been "verified". Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the mortgage account from the Plaintiff's credit file.

17. Trans Union and Experian each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account.

18. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory account.

19. Upon information and belief, Plaintiff alleges that on one or more occasions Experian and Trans Union each forwarded Plaintiff's disputes to Wachovia. Upon information and belief, Wachovia was provided notice of Plaintiff's disputes and despite this notice, each failed and refused to investigate and correct its inaccurate reporting.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EXPERIAN and TRANS UNION)

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

4

21. Defendants, Experian and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

22. As a result of the conduct, actions and inactions of Experian and Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

23. Experian and Trans Union's conduct, actions and inactions were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1)
### (EXPERIAN and TRANS UNION)

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

26. Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the

5

disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

27. As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

28. Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

29. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(2)
### (EXPERIAN and TRANS UNION)

30. Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

31. Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Wachovia all relevant information regarding the Plaintiff's dispute.

32. As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and

6

as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

33. Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (EXPERIAN and TRANS UNION)

35. Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36. Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

37. As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38. Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN and TRANS UNION)

40. Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file upon a lawful reinvestigation.

42. As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43. Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

45. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)
### (WACHOVIA)

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Wachovia violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the account.

48. As a result of this conduct, action and inaction of Wachovia, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

49. Wachovia's conduct, action and inactions were willful, rendering Wachovia liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Wachovia was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Wachovia in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)
### (WACHOVIA)

51. Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Wachovia violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

53. As a result of this conduct, action and inaction of Wachovia, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

54. Wachovia's conduct, action and inactions were willful, rendering Wachovia liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Wachovia was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Wachovia in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(C) and (D)
## (WACHOVIA)

56. Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.

57. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Wachovia violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the Wachovia account within Plaintiff's credit file with Experian, Trans Union and Equifax without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

58. As a result of this conduct, action and inaction of Wachovia, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

59. Wachovia's conduct, action and inactions were willful, rendering Wachovia liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Wachovia was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

60. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Wachovia in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

11

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

JOSEPH R. ERNST

By *[signature]*
Of Counsel

Leonard A. Bennett, VSB #37523
Susan Rotkis, Esq. VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com