IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH R. ERNST,                              )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )        Civil Action No. 3:11-cv-625
                                              )
EXPERIAN INFORMATION SOLUTIONS,               )
INC., et al.,                                 )
                                              )
                    Defendants.               )

## ANSWER

NOW COMES Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia"), by counsel, and in answer to the Complaint filed by Joseph R. Ernst ("Plaintiff"), states as follows:

### Preliminary Statement

1.      The allegations in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the same is denied.

### Jurisdiction

2.      Whether jurisdiction is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331, or whether venue is proper, state legal conclusions to which no response is required. Wachovia admits that it is authorized to do business, and in fact does do business, as Wells Fargo Bank, N.A., in the Commonwealth of Virginia, and that venue is proper in this Court. To the extent a response is required to the remaining allegations of paragraph 2, the same are denied.

**Parties**

3.      It is admitted upon information and belief that the Plaintiff is a natural person. Whether the Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion to which no response is required. To the extent a further response is required to paragraph 3, the same is denied.

4.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 4, and therefore denies the same.

5.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 5, and therefore denies the same.

6.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 6, and therefore denies the same.

7.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 7, and therefore denies the same.

8.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 8, and therefore denies the same.

9.      Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 9, and therefore denies the same.

10.     In response to the allegations in Paragraph 10 of the Complaint, Wachovia admits that Wachovia is a division, and therefore, a part of Wells Fargo Bank, N.A.  Wells Fargo Bank, N.A. is the entity that originates and services residential mortgage loans.

**Facts**

11.     With regard to the first sentence of paragraph 11 of the Complaint, Wachovia lacks sufficient knowledge or information to form a belief as to the allegations that Plaintiff

learned that his identity had been stolen, and therefore denies the same. Wachovia admits that the loan in question is in the Plaintiff's name, and that the account number ends in 1936.

12.     Wachovia admits that the account was originally a World Savings Bank loan, and that it was subsequently transferred to Wachovia, now Wachovia. Wachovia lacks sufficient knowledge or information to form a belief as to whether the account is fraudulent, and therefore denies the same.

13.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 13, and therefore denies the same.

14.     With regard to claims alleged against the other Defendants in paragraph 14, Wachovia lacks sufficient knowledge or information to form a belief as to those allegations and therefore denies the same. With regard to the claims alleged against Wachovia in paragraph 14, Wachovia admits that the Plaintiff contacted Wachovia and claimed that his identity had been stolen, that the account had been fraudulently obtained, and that the account should not be reported on his credit reports. Wachovia denies that Plaintiff sent Wachovia supporting documentation to support his claim of identity theft.

15.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 15, and therefore denies the same.

16.     With regard to claims alleged against the other Defendants in paragraph 16, Wachovia lacks sufficient knowledge or information to form a belief as to those allegations and therefore denies the same. Wachovia denies the allegations of paragraph 16 of the Complaint to the extent they are directed at Wachovia.

17.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 17, and therefore denies the same.

18.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 18, and therefore denies the same.

19.     With regard to the first sentence of the allegations of paragraph 19 of the Complaint, Wachovia admits that Experian and Trans Union forwarded the Plaintiff's disputes to Wachovia. Wachovia denies that it failed or refused to investigate or that its reporting was inaccurate.

## COUNT ONE
### (Experian and Trans Union)

20.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 19 as if the same are fully set forth herein.

21.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 21, and therefore denies the same.

22.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 22, and therefore denies the same.

23.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 23, and therefore denies the same.

24.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 24, and therefore denies the same.

## COUNT TWO
### (Experian and Trans Union)

25.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 24 as if the same are fully set forth herein.

26.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 26, and therefore denies the same.

27.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 27, and therefore denies the same.

28.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 28, and therefore denies the same.

29.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 29, and therefore denies the same.

## COUNT THREE
**(Experian and Trans Union)**

30.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 29 as if the same are fully set forth herein.

31.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 31, and therefore denies the same.

32.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 32, and therefore denies the same.

33.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 33, and therefore denies the same.

34.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 34, and therefore denies the same.

## COUNT FOUR
**(Experian and Trans Union)**

35.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 34 as if the same are fully set forth herein.

36.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 36, and therefore denies the same.

37.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 37, and therefore denies the same.

38.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 38, and therefore denies the same.

39.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 39, and therefore denies the same.

### COUNT FIVE
**(Experian and Trans Union)**

40.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 39 as if the same are fully set forth herein.

41.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 41, and therefore denies the same.

42.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 42, and therefore denies the same.

43.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 43, and therefore denies the same.

44.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 44, and therefore denies the same.

45.     Wachovia lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 45, and therefore denies the same.

### COUNT SIX
**(Wachovia)**

46.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 45 as if the same are fully set forth herein.

47.     The allegations of paragraph 47 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

48.     Wachovia denies the allegations of paragraph 48 of the Complaint.

49.     The allegations of paragraph 49 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

50.     Wachovia denies that the Plaintiff is entitled to the relief sought in paragraph 50 of the Complaint.

**COUNT SEVEN**
**(Wachovia)**

51.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 50 as if the same are fully set forth herein.

52.     The allegations of paragraph 52 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

53.     Wachovia denies the allegations of paragraph 53 of the Complaint.

54.     The allegations of paragraph 54 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

55.     Wachovia denies that the Plaintiff is entitled to the relief sought in paragraph 55 of the Complaint.

**COUNT EIGHT**
**(Wachovia)**

56.     Wachovia incorporates its responses to the allegations of paragraphs 1 – 55 as if the same are fully set forth herein.

57.     The allegations of paragraph 57 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

58.    Wachovia denies the allegations of paragraph 58 of the Complaint.

59.    The allegations of paragraph 59 call for a legal conclusion to which no response is required. To the extent a response is required, Wachovia denies the same.

60.    Wachovia denies that the Plaintiff is entitled to the relief sought in paragraph 60 of the Complaint.

### CONCLUSION

Wachovia denies that Plaintiff is entitled to the relief requested in the Complaint. Wachovia further denies that Plaintiff is entitled to a jury trial on all issues.

### AFFIRMATIVE DEFENSES
### First Defense

Wachovia has, at all times relevant to this action, complied with all applicable laws and regulations governing the conduct of its business.

### Second Defense

Any alleged violation by Wachovia was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Defense

Plaintiff's claims are barred because any damages incurred by plaintiff were a direct and proximate result of acts, omissions, negligence or other culpable conduct of plaintiff or third parties not within the knowledge or control of Wachovia, for which acts or omissions Wachovia is not responsible.

### Fourth Defense

Wachovia is not liable for any claims by plaintiff because its conduct at all times was in good faith and complied with all applicable contracts, covenants, laws, rules, regulations, standards, and statutes, including, but not limited to, 15 U.S.C. § 1681(s)-2.

## Fifth Defense

The Plaintiff is barred by the doctrine of estoppel.

## Sixth Defense

Wachovia hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and herby reserves its right to amend the Answer and assert such defenses.

**WHEREFORE**, Defendant Wachovia respectfully requests that the Court:

i.      Enter judgment in Wachovia's favor on all counts of the Complaint;

ii.     Dismiss the Complaint with prejudice;

iii.    Grant Wachovia its costs and expenses, including attorneys fees, incurred in this action; and

iv.     Grant such other and further relief as the Court deems just and proper.

WHEREFORE, Defendant Wachovia prays that (1) Plaintiffs recover nothing and that this action be dismissed; (2) Wachovia recovers its fees and costs to defend this action; and (3) any such other and further relief as this Court deems just and proper.

**WACHOVIA MORTGAGE**
*A division of*  **WACHOVIA BANK, N.A.**


By:_____*/s/ Terry C. Frank*_____
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, VA 23219
Tel: (804) 771-5745
Fax: (804) 771-5777
Email: tcfrank@kaufcan.com

Hunter W. Sims, Jr., Esq. (VSB No. 09218)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel: (757) 624-3000
Fax: (757) 624-3169
Email: hwsims@kaufcan.com
*Counsel for Wachovia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2011, a true copy of the foregoing *Answer* has been electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esquire
E-mail:  lenbennett@cox.net
Susan M. Rotkis, Esquire
E-mail:  srotkis@clalegal.com
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Phone:  (757) 930-3660
Fax:     (757) 930-3662
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esquire
E-mail:  kkelly@smillaw.com
Surovell Isaacs Petersen & Levy, PLC
4010 University Drive, Suite 200
Fairfax, VA  22030
Phone:  703/277-9774
Fax:     703/591-2149
*Counsel for Plaintiff*

David Neal Anthony, Esquire
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
804-697-5410
804-698-5118 (fax)
david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions*

Grant Edward Kronenberg, Esquire
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
804-344-6334
804-344-8359 (fax)
gkronenberg@morrismorris.com
*Counsel for TransUnion, LLC*

By:  ___/s/ Terry C. Frank_____
Terry C. Frank (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
1021 E. Cary Street, 14th Floor
Richmond, Virginia 23219
Phone:(804) 771-5745
Fax:     (804) 771-5700
tcfrank@kaufcan.com
*Counsel for Wachovia Bank, N.A.*

11420232_1.DOC