IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH R. ERNST,

        **Plaintiff,**

v.                                          **CIVIL NO. 3:11-cv-625**

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, WACHOVIA MORTGAGE,
a Division of WELLS FARGO BANK, N.A.,

        **Defendants.**


**REPLY TO TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER**

      Comes now the Plaintiff, by counsel, to reply to the Defendant's opposition to Plaintiff's Motion to Modify the Scheduling Order (Docket #28) entered in this case. Defendant raises a legitimate concern regarding discovery deadlines but mischaracterizes the Plaintiff's motives as well as the conduct of discovery thus far in the case. The Plaintiff's only motive in moving for a modification of the scheduling order was to allow the Plaintiff to designate and use the testimony of experts in this case. The current scheduling order deprived the Plaintiff of the ability to designate any expert before the order was even entered.

      The Plaintiff should be allowed to designate experts and can do so immediately. As the Plaintiff's motion states, the reason suggested to set the deadline on January 24, 2011, is that the settlement conference is set to be January 20, 2011, which is the only date available to Wachovia/Wells Fargo and was agreeable to all other parties. (Docket #27). It is also the last date that J. Dohnal had available before his planned retirement

from the bench. J. Dohnal had many earlier dates agreeable to the Plaintiff, but the dates were not available to all parties.

Pursuant to Rule 26(f), the Plaintiff proposed a trial date, deadlines for the designation of experts and discovery cut-off. No other party – including Trans Union -- would agree to Plaintiff's proposed schedule prior to the initial pre-trial conference. (Exhibit A). It is true that Plaintiff desired a March trial date. However, the trial date was suggested by the court itself at the pretrial conference with the agreement of all the parties. There was not one objection to a March trial date. No party opposed the scheduling of a settlement conference with J. Dohnal, either.

The Plaintiff is prepared to make his expert disclosures by December 30, 2011. The Plaintiff suggested January 24, 2011, as a date for its designation of experts only to save the $10,000 - $15,000 expense of designating experts in this case, especially if it can be settled with the assistance of the magistrate judge. In many run-of-the-mill consumer reporting cases, there is no need for an expert. In this case, however, the allegation is one of true identity theft that will likely require the testimony of experts. The Plaintiff's father was engaged in a complex fraud scheme, one small part of which involved using his sons' identities to obtain mortgages. Plaintiff's father was convicted of obstruction and tax evasion pursuant to a plea agreement in which the statement of facts contained an admission concerning "creating fictitious legal documents in the names of family members, including his sons J.E. and B.E.," which is the identity theft in this case. (*See United States v. Ernst,* No. 1:11cr116 (E.D. Va. July 26, 2011)(Docket Nos. 26 & 27).

Trans Union opposes the motion to modify the scheduling order because, it argues setting Plaintiff's expert disclosure in January would (1) make "meaningful expert

2

discovery impossible," (2) prejudice the defendants with late opinions, (3) requests that the parties be permitted to negotiate deadlines. (Def.'s Opp'n at 3). The Plaintiff attempted to develop a set of mutually agreeable deadlines prior to the scheduling conference. (Exhibit A). The only deadline the Plaintiff wishes to modify is the designation of the experts. This is only necessary so that the Plaintiff may fairly obtain expert testimony on issues that, despite the plea agreement and statement of facts related to the conviction of the Plaintiff's father, are unsettled in the eyes of the defendants.

Plaintiff has previously communicated to Trans Union's counsel descriptions of the three experts he will designate: (1) Robert Lesnevich, a forensic handwriting expert, (2) Bob Hill, an experienced real estate attorney (though plaintiff's counsel is still in discussions to retain a New Jersey attorney), and (2) credit reporting expert, Evan Hendricks, who has previously been determined an expert and so testified in multiple Eastern District of Virginia cases.

Trans Union did not consent, but did not actively oppose, an extension of time to designate an expert until after Plaintiff's counsel revealed to it that Evan Hendricks would be retained for this purpose. Mr. Hendricks is familiar not only with Trans Union, but also all the CRAs, and has testified in other cases that resulted in several large verdicts returned against the consumer reporting agency. *See, e.g., Thomas v. Trans Union, LLC*, No. 00-1150-JE (D. Or.); *Drew v. Equifax Info. Servs., LLC, et al.,* No. 07cv726-SI (N.D.Cal.); *Cortez v. Trans Union LLC,* No. 2:05cv5684-JF (E.D. Pa.).

The Plaintiff moves the court to allow a reasonable time to designate his experts and commits the request to the court's sound discretion. It is disingenuous of Trans Union to suggest Plaintiff's motive is to "postpone expert discovery" and to "prejudice

3

the defendants." (Def.'s Opp'n at 3). The Plaintiff has not attempted to delay the diligent conduct of discovery. The Plaintiff has, in fact, agreed to the dates requested by the defendants to depose the Plaintiff and his wife. Plaintiff, on the other hand, attempted to schedule Trans Union's party witnesses who actually processed the Plaintiff's disputes as soon as possible after the entry of the scheduling order. Trans Union refused to provide any dates in December and only one date in January for its employees in Fullerton, CA. In addition, Trans Union refused to produce other party witnesses entirely. (Exhibit B). With respect to its off-shore, outsource vendor, Intelenet, that investigates disputes from Mumbai, India, Trans Union refused to schedule the depositions of the witnesses who performed the investigation in this case.[1] Instead, Trans Union referred counsel to Intelenet's attorneys and the procedures under the Hague Convention. (Exhibit C). Trans Union's refusal to voluntarily schedule the depositions of agents it controls belies their concern about expediency and prejudice.

For these reasons, the Plaintiff respectfully requests that the court grant his motion to modify the scheduling order and enlarge the time in which the parties must identify expert witnesses and other deadlines as the court deems just and proper.

**JOSEPH R. ERNST**

/s/
Susan M. Rotkis
VSB #40693
Attorney for Plaintiff
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile

---

[1] This issue will be the subject of a motion in limine to exclude hearsay testimony that originates in Mumbai, India.

srotkis@clalegal.com

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net


Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN &
LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone (703) 277-9774
Facsimile (703) 591-9285
kkelly@siplfirm.com

*Counsel for Plaintiffs*


### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: **david.anthony@troutmansanders.com**


Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122

Richmond, VA 23219
Email: **tim.stgeorge@troutmansanders.com**

Paul Lee Myers
Strasburger & Price, LLP
2801 Network Boulevard
Suite 600
Frisco, TX 75034
Email: **paul.myers@straasburger.com**

*Attorneys for Experian Information Solutions, Inc.*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
Email: **gkronenberg@morrismorris.com**

*Attorneys for Trans Union, LLC*

Hunter Wilmer Sims , Jr.
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
Email: hwsims@kaufcan.com

Terry Catherine Frank
Kaufman & Canoles PC (Richmond)
1021 E Cary St Suite 1400
Two James Center
PO Box 27828
Richmond, VA 23261
Email: tcfrank@kaufcan.com

*Attorneys for Wachovia*

                                                              /s/
                                           Susan M. Rotkis
                                           Attorney for Plaintiff
                                           CONSUMER LITIGATION ASSOC., P.C.
                                           763 J. Clyde Morris Boulevard, Suite 1-A
                                           Newport News, Virginia 23601