**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOSEPH R. ERNST,**

    **Plaintiff**

                   **CIVIL ACTION NO. 3:11-cv-625**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION, LLC., WACHOVIA MORTGAGE,
a division of WELLS FARGO BANK, N.A.**

    **Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL AND
FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

COMES NOW the Plaintiff, by counsel, and for his Memorandum in Support of Plaintiff's Motion to Compel and for Sanctions, he states that Defendant has interposed improper objections to Plaintiff's discovery and has refused to produce documents and answer interrogatories even after meeting and conferring about narrowing the area of disagreement. Plaintiff seeks to compel Defendant's compliance with discovery or obtain sanctions under Fed. R. Civ. P. 37 as appropriate.

**BACKGROUND**

This case arises because Wells Fargo refused to correct its inaccurate reporting that the Plaintiff, Mr. Ernst, was obligated on a defaulted Wells Fargo home mortgage.  Mr. Ernst never obtained a Wells Fargo home mortgage, thus he never could have defaulted on a mortgage. Despite disputing this fact directly to Wells Fargo, then through the consumer reporting agencies, Wells Fargo continued to falsely report just about the worst thing that could appear on

1

a consumer's report:  a defaulted mortgage.  Mr. Ernst prosecutes this action under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.  More specifically, the Plaintiff alleges that Defendant violated 1681s-2(b) in failing to conduct a complete and meaningful investigation of his multiple disputes over a number of years regarding a residential mortgage that Mr. Ernst never signed.  Not only did the Defendant refuse to correct the inaccurate information regarding the mortgage it kept reporting belonged to Mr. Ernst and was in default, it also failed in its obligation to report back to the consumer reporting agencies that it could not verify that Mr. Ernst had in fact signed for the loans at issue and that he disputed having done so.

There are three primary claims available to a consumer under the FCRA when inaccurate information is published about him.  The first two causes of action arise under 15 U.S.C. §1681e(b) and 15 U.S.C. §1681i and only apply to "consumer reporting agencies" (CRAs), most commonly Equifax, Experian and Trans Union.  Section 1681e(b) requires that when a CRA prepares and furnishes a consumer report, it use "reasonable procedures to assure maximum possible accuracy." Section 1681i applies when a consumer makes a direct dispute to the CRA. The section includes a number of requirements and prohibitions that require the CRA to forward the dispute to its subscriber-furnisher, such as the Defendant in this case.

The third type of FCRA claim applies to furnishers such as Wachovia, now Wells Fargo Home Mortgage, and is codified at 15 U.S.C. §1681s-2(b). In 1996 Congress amended the FCRA to add §1681s-2, imposing on "furnishers of information" to credit bureaus detailed and specific responsibilities, including the consumer dispute procedures stated in subsection (b). A simplified summary is that 1681s-2(a) contains substantive and procedural requirements limiting how a creditor may report a debt to the credit bureaus.  However §§1681s-2(c) and (d) do not provide any private cause of action for such violations.  That leaves §1681s-2(b) as the

2

consumer's principal remedy against a creditor's inaccurate reporting.  This subsection applies only when a consumer makes a dispute through the credit bureaus and requires the creditor to conduct a "reasonable investigation" and to accurately report the results of that investigation back to the bureaus[1].  Mr. Ernst alleges that the Defendant violated both of these requirements.

## PROOF AT TRIAL

The Defendant improperly withholds its answers to interrogatories and has refused to produce requested documents based on general and amorphous objections including that the discovery sought is not relevant, is unduly burdensome or is protected by a privilege, though not described in its privilege log. (Def.'s Objs. To Pl.'s First Interrogs. & Request for Prod. Docs., ex. A).  The Plaintiff has a Motion for Partial Summary Judgment currently pending that establishes one of the necessary elements of the claim:  the fact that the Defendant reported inaccurate derogatory information about the Plaintiff. (Docket # 40).

There are four primary issues that are to be litigated:  (1.) Accuracy – whether the disputed information reported by Wells Fargo to the CRAs was accurate and complete; (2.) Liability – whether Wachovia violated the FCRA, 15 U.S.C. 1681s-2(b) by the manner in which it conducted the required investigations or responded back to the CRAs after each dispute; (3.) Willfulness (Recklessness) – whether Wells Fargo intended its conduct or recklessly permitted the conduct; and (4.) Damages – once liability is established, determining the Plaintiff's unliquidated and liquidated actual damages and if the violation was also willful, this includes the

---

[1] Each of these two §1681s-2(b) claims has now been tried to a jury and subject to favorable reported decisions affirming the verdicts in the United States District Court for the Eastern District of Virginia, Richmond Division.  *See Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004); *Saunders v. Branch Banking & Trust Co. of VA*, 526 F.3d 142 (4th Cir. 2008).

appropriate amount of punitive damages. The answers to interrogatories and production of documents that have been withheld from Plaintiff's discovery focuses on liability, willfulness and punitive damages. Counsel have met and conferred on several occasions and there remains a large divide.

## A. LIABILITY EVIDENCE

The liability issues in this case focus on these claims: whether (1) the derogatory information reported by Wells Fargo to the CRAs was accurate; (2) whether Wells Fargo's Automated Consumer Dispute Verification (ACDV) investigations were reasonable; and (3) whether Wells Fargo provided incomplete and inaccurate responses back to the credit bureaus after Mr. Ernst made the ACDV disputes. The largest divide between the parties in this litigation involves the Defendant's focus on the direct disputes rather than the disputes made through the CRAs. Mr. Ernst made many direct disputes to Wells Fargo over the course of many months in order to get it to stop falsely reporting not only that he had ever been obligated on a Wells Fargo mortgage, but also to stop reporting he had defaulted on the mortgage he had never taken. However, the cause of action in this case arose when he initiated a dispute with the CRAs, and Wells Fargo verified as accurate the disputed account. Defendant's ACDV procedures and its actual investigation are the focus of the liability element in a § 1681s-2(b) claim.

**1.      Documents and Interrogatory responses required to present this evidence:**

While the Defendant has obstructed the Plaintiff's legitimate discovery, Plaintiff has nonetheless narrowed the areas of contention as a result of meeting and conferring. Thus, Plaintiff boiled down his outstanding discovery needs to the following: Interrogatories 10, 12, 14 18 and Requests for Production 17 and 19.

**2.      At trial, Plaintiff intends to present evidence of liability:**

4

a.      Evidence or stipulation that the power of attorney that was used to obtain the home mortgage in question contained a forgery of Mr. Ernst's signature.

b.      Evidence regarding Wells Fargo's substantive investigation of ACDV disputes when received.  This will examine (a.) the actual procedures established for the ACDV investigators, (b.) testimony from the actual employees about what was done in this case, and (c.) detailed examination of the documentary records about the Plaintiff's ACDV disputes.

c.      Evidence as to whether those procedures were reasonable.  Some of the evidence of reasonableness considered in other court decisions includes:

(i) The cost and time the furnisher spent on each dispute to determine whether the investigation was adequate. *Cushman v. Trans Union*, 115 F.3d 220 (3rd Cir. 1997) ("TUC's investigations are performed by clerks paid $7.50 per hour and who are expected to perform ten investigations per hour. […] [T]he jury could have concluded that seventy-five cents per investigation was too little to spend when weighed against Cushman's damages."); *DiPrinzio v. MBNA America Bank*, N.A., 2005 WL 2039175, *10 (E.D.Pa. 2005) ("[A] jury exposed to information regarding the average processing time could improperly believe that MBNA's investigations of the particular disputes relating to plaintiff were conducted in the same amount of time. […] [T]he information is directly relevant under 15 U.S.C. § 1681s-2(b)(1), which states that a creditor must conduct a investigation of a consumer's disputes.").

(ii) The defendant's supervision and oversight of the investigations as proof of reasonableness. *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967 (4th Cir. 1987) (applying conventional agency principals to FCRA impermissible pull case); *Dennis v. BEH-1, LLC*, 520 F.3d 1066 (9th Cir 2008) (Experian unreasonably relied on third party vendor to perform its investigation of public records inaccuracy); and "[a]n employer is liable for

5

negligence in failing properly to instruct employees, or failing to assure that the instructions are obeyed." 30 C.J.S. Employer—Employee § 205.

## B.  EVIDENCE OF WILLFULNESS

In addition to the evidence to be presented to meet the negligence threshold, Plaintiff also will present evidence that Wells Fargo's procedures were deliberately or recklessly adopted and followed despite established law barring such procedures and conduct.   The Plaintiff has requested, but the Defendant has not produced, the documents related to Wells Fargo procedures for complying with the FCRA, including :

- Knowledge of governing legal requirements;
- Previous lawsuits that provided notice;
- Changes made to comply with the law;
- Internal reviews and discussions of investigation procedures;
- Email communications regarding FCRA compliant investigation procedures;
- Any documents discussing identity theft or familial/friendly fraud.

All of this information is discoverable as it can establish for the jury Wells Fargo's willfulness under *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007); *see also Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009).   In *Levine*, the Eleventh Circuit actually just restated the Supreme Court's *Safeco* standard. *Id*.   It has been held that the Safeco standard actually reduces the Plaintiff's willfulness burden:

> *Safeco* changed the standard previously applied in the Fifth Circuit, pursuant to which a defendant could have been found in willful noncompliance under § 1692n only if it " 'knowingly and intentionally committed an act in conscious disregard for the rights of others.' " *Stevenson v. TRW Inc.,* 987 F.2d 288, 293-94 (5th Cir.1993) (quoting *Pinner v. Schmidt,* 805 F.2d 1258, 1263 (5th Cir.1986), cert. denied, 483 U.S. 1022 (1987)); *see also Harris v. Equifax Info. Servs., LLC,* No. C A 606CV-01810-GRA, 2007 WL 1862826, at *2 (D.S.C. June 26, 2007) ("In Safeco, the Supreme Court unequivocally resolved this circuit split, holding that willfulness under 15 U.S.C. § 1681n(a) covers a violation committed in reckless disregard of Plaintiff's rights.").

*Robertson v. J.C. Penney Co., Inc.*, No. 2:06CV3-KS-MTP, 2008 WL 623397, at *9 (S.D. Miss. Mar. 4, 2008). While in many circuits, the courts had previously required "knowing or conscious disregard," *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001), or even "willful concealment," *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001), the post-*Safeco* standard included "recklessness." *Levine*, 554 F.3d at 1318. Plaintiff is entitled to evidence that establishes Wells Fargo's level of recklessness or willfulness in its disregard of Plaintiff's rights under the FCRA.

## C. WELLS FARGO'S BOILERPLATE OBJECTIONS ARE IMPROPER.

### 1. Wells Fargo's "Relevancy" Objections should be Stricken.

Throughout its written objections and the meet and confer process, Wells Fargo has taken the position that the information or documents sought by the Plaintiff "are not relevant." It seeks to withhold from discovery information and documents it unilaterally deems irrelevant with respect to Interrogatories 1, 5, 6, 8, 11, 12, 15, and 19, as well as requests for production 7, 10, 12, 13, 14, 15, 17, 19, 25, 27, 28, and 29. In the meet and confer process, Plaintiff's counsel has argued that a Defendant's opinion about the relevancy of a discovery request is not the proper basis for an objection or for withholding documents and information. *Capetta V. GC Servs. Ltd. P'ship*, 3:08CV288, 2008 WL 5377934, at * 2 (E.D.Va. Dec. 24, 2008). To be relevant, the information sought need not be admissible at trial, but must be broadly construed and is discoverable if it appears reasonably calculated to lead to discovery of admissible evidence, and can include "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (*quoting Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 353 (1978).

While Plaintiff very much believes that the discovery sought is relevant, it is inarguable that it is at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.

Under Rule 26, Plaintiff may discover any materials that are not privileged if the materials requested are reasonably calculated to lead to admissible evidence. Rule 26 is very broad, permitting a wide range of inquiry at the pre-trial stage. The legal standard for over 65 years has been that if there is any possibility that the information sought may be relevant, the court should permit the discovery. *Hickman vs. Taylor*, 329 U.S. 495 (1947). The policy underlying this rule is to promote fair litigation through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, 329 U.S. at 597. Recognizing this general policy of free and open discovery, the scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). There is complete accord among the United States courts that discovery should be extremely broad. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947).

In order to defeat the broad scope of the liberal discovery rules, it is the Defendant's burden to show specifically how each interrogatory is not relevant. *Capetta*, 2008 WL 5377934, at * 2 (quoting *Roesburg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D.Pa. 1980). In this case, the Defendant has completely failed to articulate with specificity how the discovery Plaintiff seeks is not relevant to the FCRA claims. In fact, in each objection the Defendant pasted nearly the same exact words: "Wells Fargo objects . . . on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims." Such a form objection without any supporting specificity is inadequate

under the Rules, which must be "'plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.'"  *Capetta*, 2008 WL 5377934, at * 3 (quoting *Panola v. Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985))(internal quotations omitted).   General or improper objections such as the objections by Wells Fargo in this case are justifiable cause for the court to deem any objections to be waived. *Id.* (citing cases).   Despite repeated meet and confers among counsel, Wells Fargo has not supplied a single specific reason why Plaintiff's interrogatories or requests for production are irrelevant and thus the objections should be deemed to be waived.

**2.      Defendant has failed to show that discovery is overbroad and unduly burdensome**

To carry its burden of demonstrating a successful objection to a discovery request, an objecting party may not simply intone the familiar "overly broad, burdensome, oppressive and irrelevant" litany.  *Capetta*, 2008 WL 5377934, at * 3.   The Defendant has pasted the same objections in response to Interrogatories 1, 7, 18, and Requests for Production 7, 9, 10, 15, 25, 27, and 28.   The mere statement by a party that a discovery request is burdensome is not adequate to voice a successful objection to discovery. *Id.,* (*citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)). The objecting party must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. PA. 1980).   *See also Burns v. Image Films Entertainment*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (Kan. 1991); *Johnston Dev. Group, Inc. v. Carpenters Local*

*Union No. 1578*, 130 F.R.D. 348, 353 (N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton*, 81 F.R.D. 576 (M.D.N.C. 1978).   The objection must show with specificity how the discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or offer evidence which reveals the nature of the burden. *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.C. 1984); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991). *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.) ("The onus is therefore on the party objecting to discovery to state the grounds for the objection 'with specificity.' Rule 33(b)(4).   Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice.")   Without a clear showing that the request is truly "overly" burdensome, the objection should not be allowed to stand. The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden.  *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also*, *Luey v. Sterling Drug, Inc.*, 240 F. Supp. 632, 634-35 (W.D. Mich. 1965); *United States v. Nysco Labs.*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960).

In this case, some of the objections are accompanied by a longer self-serving non-specific sentence claiming that, for instance, in interrogatory number 18 the request would require identification of all lawsuits brought under § 1681s-2 as well as an individual review of all litigation involving the same claims.  While Defendant may have articulated that answering the

interrogatory requires some work and may be time-consuming, its objection is still void of any explanation or evidence of undue burden. *Fagan v. District of Columbia*, 136 F.R.D. at 7. The information sought is completely within Wells Fargo's control. Wells Fargo has not produced a single fact demonstrating that any request visits an undue burden on it or is so overbroad that it does not relate to the Plaintiff's claims. *Capetta*, 2008 WL 5377934, at *4. Thus, Defendant should be compelled to immediately produce the requested evidence.

3. **Work Product or Attorney-Client Privilege**

Defendant also makes blanket objections based on work product or privilege in Interrogatories 1, 8, 10, 14, and Requests for Production 17. The standard for asserting privilege is the same in discovery as in Fed. R. Evid. 1101(c). *Id.* (*citing U.S. v. Reynolds,* 345 U.S. 1 (1953). In this case, the Defendant has supplied substantially the same, non-specific sentence as an objection based on privilege instead of carrying its burden to "'supply opposing counsel with sufficient information to assess the applicability of the privilege or protection.'" *Id.* (*quoting Burns v. Imagine Films Entertainment, Inc*. 164 F.R.D. 589, 593 (W.D.N.Y. 1996)). Here, the Defendant has supplied only its general objection without identifying any of these documents in its privilege log. (Attached as ex. B). Furthermore, Wells Fargo has not distinguished among the discovery requested to demonstrate which is work-product and which is privileged. *Id.* Defendant has not described in any detail the nature of the documents not produced in response to discovery "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id.* Although Wells Fargo has supplied a privilege log, it doesn't include any of the discovery for which it now claims is privileged in response to discovery.

A privilege log should contain a summary of the contents of the document, the date the document was created, the person (s) who created it, the person(s) to whom it was directed or for whom it was created, the purpose, the privileges asserted within the document, and how each element of the privilege is met as to each particular document. *See Burns*, 164 F.R.D. at 594.

Because the privilege and work product objections are in and of themselves insufficient and also because they lack the specificity of an adequate privilege log, the court should deem the objections to be waived. *Eureka Fin Corp. v. Hartford Ace. & Indem. Co.*, 136 F.R.D. 179, 184 (E.D. Cal. 1991).

### D.    PLAINTIFF'S DISCOVERY REQUESTS ARE PROPER

Plaintiff previously narrowed his discovery requests to remove any that are controversial, unnecessary or untested.  Plaintiff has now narrowed the discovery sought even more.  Nearly every Interrogatory or Request for Production herein prosecuted has been the subject of comparable discovery or trial motions in this District.  Plaintiff asks the Court to Order production or, when appropriate, exclusion of the information and comments sought in the following requests.

The Defendant has failed to comply with the requirements of Fed. R. Civ. P. 33 and 34 in responding to the Plaintiff's discovery.  The Defendant's objections and lack of privilege log are completely inadequate under the Federal Rules and the rulings of this court.  Discovery will close on February 24, 2012, and the Defendant has improperly withheld discoverable information that Plaintiff needs to prepare for the deposition of party witnesses, the experts, and the corporate designee as well as to prepare for trial.  The Plaintiff does not seek any extension of time to complete discovery or a continuance of the trial date.  The Plaintiff seeks the Court's order deeming the Defendant's objections to be waived and ordering production of the discovery

under Fed. R. Civ. P. 37(a) outlined herein. Otherwise, the Plaintiff seeks the sanctions permitted under Fed. R. Civ. P. 37(c)(1).

### 1. Interrogatories and Related Requests for Production

**Interrogatory 12 & Request For Production 19.**

*Interrogatory No. 12: State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010.*

*RFP 19: Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your net worth as of January 1, 2011).*

The Plaintiff has alleged a punitive damages claim under the FCRA. 15 U.S.C. §1681n. Defendant's net worth is directly relevant to this claim and is discoverable. *Capetta*, 2008 WL 5377934, at *6 (*citing Lucas v. GC Servs.*, 226 F.R.D. 328, 334 (N.D. Ill. 2004), explaining that the court had admonished Defendants they could not rest on their objection and had to produce evidence of net worth). This information is necessary to determine a proper amount of punitive damages. In fact, in a very recent FCRA case, litigated under the same statutory section as in the present case, the Fourth Circuit stated:

> We also conclude that a smaller award would not "serve as a meaningful deterrent" to BB & T. *Kemp,* 393 F.3d at 1365. As the court noted in *Bach,* "a punitive damages award must remain of sufficient size to achieve the twin purposes of punishment and deterrence." 486 F.3d at 155 (quotations and citations omitted). This is not to say that a $400,000 punitive damages award would be appropriate in this case, as it was in *Bach*. But reducing the punitive damages award of $80,000 here would leave little deterrent or punitive effect, particularly given BB & T's net worth of $3.2 billion. *See, e.g., TXO Prod. Corp. v. Alliance Res. Corp.,* 509 U.S. 443, 462 n. 28 (1993) (plurality opinion) (noting that it is "well-settled" that a defendant's "net worth" is a factor that is "typically considered in assessing punitive damages")

*Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3d 142, 154-155 (4th Cir. 2008). In addition to the *Saunders* case, evidence of net worth and financial information has been permitted in every FCRA trial in this District.

As for Defendant's other basis for withholding the information and documents – that it is confidential business information– this is not only irrelevant to the pending dispute, but it is also untrue.  First, Wachovia or Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., whose parent is a publicly traded company (NYSE: WFC).  By law, the company's form 10-K is filed and publicly available from the Security and Exchange Commission website (www.sec.gov) and its annual report for the past two years is publicly available from the Wells Fargo website.  It is completely untrue to allege that information from the 10-K and the annual report, which includes information concerning the net worth of Wells Fargo & Company and other publicly available information is confidential.  Likewise, it is not proper to object to the production of documents because the requesting party could conceivably find the requested information or documents from an alternate source.  Rather, the standard is whether the party could do so at an equal or lesser burden than the respondent.  Fed. R. Civ. P. 33(d). Wells Fargo has the requested information readily available to it and could provide it in likely the same time it took to assert its boilerplate objections.

**Interrogatories 10 & 18; Request For Production 17:**

*Interrogatory 10: Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint, you answer, anticipated answer and/or defense thereto an/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit.  For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel.  Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.*

14

*Interrogatory 18:  Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.  Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff's attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case.  If it was settled, state the terms of the settlement.*

*RFP 17:  Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinions of such witness and which has been previously furnished to the court or opposing counsel in such case.*

The Plaintiff has pled and seeks to prove that Wells Fargo's violations of the FCRA were willful.  The Fourth Circuit has held relevant to a willfulness determination the question of whether or not there is "evidence that other consumers have lodged complaints similar to" the plaintiff in this case. *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001).

The same evidence was ordered produced in this District by Judge Payne in *Faile v. Equifax Info. Servs., LLC, (3:06cv617)* and by Magistrate Judge Dohnal in two FCRA cases, *Dorsey v. Sallie Mae, et al.,* (3:05cv337) (against Select Portfolio Servicing) and *Alabran v. Capital One Bank,* (3:05cv935).   Not only is evidence of prior complaints relevant to the question of willfulness under 15 U.S.C. §1681n, it is also relevant to the question of notice for simple negligence.  In another Eastern District of Virginia case, *Grizzard v. Sallie Mae*, (3:04 CV 625), Judge Williams considered a *Motion in Limine* to exclude such evidence at trial.  The Court denied this motion, explaining:

> The defendants' motion in limine to exclude testimony and evidence regarding other litigation is denied in part and granted in part.  The Court will limit such testimony and evidence regarding other litigation.  I will not permit unfettered use of evidence from any other cases as that would complicate the trial and confuse the jury.  However, some evidence, such as the complaint and the Fourth Circuit's opinion in the Johnson case, and other evidence that would be relevant to the issue of the defendants' actual notice that their procedures were unreasonable or violated the Fair Credit Reporting Act will be relevant to show notice, knowledge, or willfulness and will not be excluded.

15

In *Mullins v. TransUnion*, (3:05cv888), Judge Payne considered an almost identical argument (though in a different posture) that now presents itself in this case.   At the Final Pre-trial Conference, the FCRA Defendant, TransUnion, sought to prevent the consumer's use of previous lawsuits and court decisions criticizing that Defendant's investigation procedures. Judge Payne rejected such an attempt and in doing so provided a concise and complete explanation of the purpose of such evidence:

> THE COURT:  All right.  I think the information that Trans Union got a message from a court that told it its investigative procedures were inadequate is relevant.  I don't think it's prejudicial because it is notice that the investigative procedures were relevant. […]
> THE COURT:  Cushman says you can't parrot information given you by the bank.
> MR. LUCKMAN:  Under some circumstances.
> THE COURT:  Period.  That's it.
> MR. LUCKMAN:  It says "under some circumstances."
> THE COURT:  Look, it's time that you-all came to realize that <u>when a Court tells you something, you have got to realize it, accept it, and do something about it.  If you don't, you're in trouble.  It's time that your client understood that, and that's what he's trying to prove.  And if you don't do it, you get punished for doing it. That's just the way life is.</u>

In *Mullins* and *Williams*, the Court was considering whether evidence of prior complaints and decisions was relevant and thus admissible. In this case, the court is faced with an even easier question – whether such information is discoverable.  Because the information would be relevant at trial, it is discoverable now.  Because the Defendant has failed to demonstrate with any specificity why it is privileged, work product, overly broad or unduly burdensome, the Defendant must be compelled to produce the requested evidence.

### Interrogatory 14:

*Interrogatory 14:  State the factual basis of any and all defenses that you have asserted to the Plaintiff's Complain.  For each paragraph of Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial.  If you contend as one of your defenses that, as of the date of each ACDV received by you, the*

*Plaintiff was responsible for the mortgage loan #5120046451936, state every single reason and fact and identify every single document that supports your contention.*

The Defendant has stipulated that Mr. Ernst's name was forged on the power of attorney upon which the mortgage was made.  Because Mr. Ernst did not sign or otherwise assign his power of attorney to anyone, he was not obligated on the mortgage loan #5120046451936.  The Plaintiff has stipulated that it does not seek any legal opinions or privileged matter related to this interrogatory.  To the extent that the Defendant denies any other allegation of the Complaint, the Plaintiff is entitled to learn the facts that support its denials and defenses.

Defendant makes no substantive response to this Interrogatory and instead it merely incorporates its Rule 26(a)(1) disclosures and rests on its objections.  Pursuant to Fed. R. Civ. P. 37(c)(1), it should not now be permitted to use evidence not disclosed in a timely manner.  Its defense should be stricken.  While Plaintiff must still prove his case, Defendant should not be permitted to put on evidence of its own.

## CONCLUSION

The Plaintiff has endeavored to narrow the areas of disagreement but now finds it necessary to move for a court order because discovery will close on February 24, 2012.  It is for the reasons outlined in this memorandum that the Plaintiff seeks an Order compelling the Defendants answers to interrogatories and production of the documents requested.

Respectfully submitted,


**JOSEPH R. ERNST,**


_____
Susan Rotkis, Esq. VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601

17

(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail:  kkelly@siplfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed in the CM/ECF system, which shall electronically forward it to the following on this the 9th day of February, 2012, as follows:

Hunter Wilmer Sims , Jr.
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
Email: hwsims@kaufcan.com

Terry Catherine Frank
Kaufman & Canoles PC (Richmond)
1021 E Cary St Suite 1400
Two James Center
PO Box 27828
Richmond, VA 23261
Email: tcfrank@kaufcan.com

*Attorneys for Wachovia Mortgage,*
*A division of Wells Fargo Bank*

Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA  23601
Phone: (757) 930-3660
Fax: (757) 930-3662