## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

JOSEPH R. ERNST,

      Plaintiff,

v.
                                  Civil Action No. 3:11-cv-625

EXPERIAN INFORMATION SOLUTIONS,
INC., *et al.*,

      Defendants.

---

## DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

    Defendant, Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") by counsel, and for its Objections to the Plaintiff, Joseph R. Ernst's ("plaintiff") First Set of Interrogatories and Requests for Production of Documents, states as follows:

### Objections to Interrogatories

#### INTERROGATORY NO. 1:

    Separately state and describe each and every change which you have instituted or made to your procedures and policies for reporting to the consumer reporting agencies accounts that are in dispute before and following the date you first learned about the allegations and/or legal holdings contained in the Fourth Circuit's decision in *Johnson v. MBNA Bank N.A.*, No. 03-1235 (decided February 11, 2004), or *Saunders v. Branch Banking and Trust Co. of Virginia*, No. 07-1109 (decided May 14, 2008), For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

#### OBJECTION TO INTERROGATORY NO. 1:

    Wells Fargo objects to Interrogatory No. 1 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo

further objects to the extent Interrogatory No. 1 calls for the potential identification or production of information or documents protected by the attorney-client privilege or self-evaluation privilege.

## INTERROGATORY NO. 5:

With regard to any ACDV or other notice of dispute received from any consumer reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

- identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;
- identify the date of the investigation and all written and non-written communications pertaining to the investigation;
- describe all procedures you used in conducting the investigation; and identify all steps you took with respect to the Plaintiff's file following the investigation.

## OBJECTION TO INTERROGATORY NO. 5:

Wells Fargo objects to the portions of Interrogatory No. 5 that seek the method and rates of pay for persons who conducted or participated in the investigation of any ACDV or other notice of dispute from any consumer credit reporting agency regarding the plaintiff as information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 5. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

2

## INTERROGATORY NO. 6:

To the extent not described in your response to Interrogatory No. 5, did you ever conduct any other investigations or reinvestigations of information placed in the Plaintiff's credit file? If so, for each such investigation or reinvestigation:

a. identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

b. identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

c. describe the reason for any such investigation or reinvestigation;

d. describe all procedures you use in conducting any such investigation or reinvestigation; and

e. identify all steps you took with respect to the plaintiff's file following any such investigation or reinvestigation.

## OBJECTION TO INTERROGATORY NO. 6:

Wells Fargo objects to the portions of Interrogatory No. 6 that seek the method and rates of pay for persons who conducted or participated in additional investigations as information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 6. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

## INTERROGATORY NO. 7:

Please explain and describe when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiff's personal identifiers. List the archived data files and reports wherein any personal information about plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was captured, retained and/or

3

archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy [ies] regarding those reports. This request includes your normal data file retention processes.

## OBJECTION TO INTERROGATORY NO. 7:

Wells Fargo objects to Interrogatory No. 7 on the grounds that it is overly broad, vague, and unduly burdensome in that it purports to seek information regarding document retention for all purposes, rather than directed to documents that may be specifically at issue in this case. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 7. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

## INTERROGATORY NO. 8:

Separately state and describe each and every change which you have instituted or made to your procedures and policies for investigation of consumer disputes before and following the date you first learned about the decision of the Fourth Circuit in *Linda Slater (Linda Johnson) v. MBNA*, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

## OBJECTION TO INTERROGATORY NO. 8:

Wells Fargo objects to Interrogatory No. 8 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to the extent Interrogatory No. 8 calls for the potential identification or production of information or documents protected by the attorney-client privilege and self-evaluation privilege.

4

## INTERROGATORY NO. 10:

Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

## OBJECTION TO INTERROGATORY NO. 10:

Wells Fargo objects to Interrogatory No. 10 to the extent that it calls for the identification

or production of any information or documents protected by the attorney-client privilege,

attorney work product, self evaluation privilege or otherwise protected by Rule 26(b)(3) of the

Federal Rules of Civil Procedure or other applicable law. Wells Fargo further objects to

Interrogatory No. 10 as overly broad and unduly burdensome to the extent that it would require

an individual review of every witness's involvement in litigation matters and seeks discovery

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to

and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to

Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been

produced, and Wells Fargo's substantive responses to Interrogatory No. 10.  Wells Fargo

reserves the right to supplement this response as additional information is identified that it may

rely on in its defense of this action.

**INTERROGATORY NO. 11:**

Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

**OBJECTION TO INTERROGATORY NO. 11:**

Wells Fargo objects to Interrogatory No. 11 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 11. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

**INTERROGATORY NO. 12:**

State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010.

**OBJECTION TO INTERROGATORY NO. 12:**

Wells Fargo objects to Interrogatory No. 12 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to the extent Interrogatory No. 12 seeks the disclosure of confidential or proprietary business or financial information.

**INTERROGATORY NO. 14:**

State the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint. For each paragraph of Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff was responsible for the mortgage loan #5120046451936, state every single reason and fact and identify every single document that supports your contention.

**OBJECTION TO INTERROGATORY NO. 14:**

Wells Fargo objects to Interrogatory No. 14 to the extent it seeks to have Wells Fargo state legal opinions or calls for the identification or production of any information of documents protected by the attorney-client privilege, attorney work product, self-evaluation privilege, or otherwise protected by the Rule 26(b)(3) of the Federal Rules of Civil Procedure or other applicable law. Wells Fargo further objects to Interrogatory No. 14 to the extent it seeks to impose upon Wells Fargo obligations different from or in addition to those set forth in the Federal Rules of Procedure, the Local Rules of United States District Court for the Eastern District of Virginia, or any applicable orders of the Court, in that it purports to require Wells Fargo to brief its defenses at this stage in the discovery process. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 14. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

**INTERROGATORY NO. 15:**

Identify each meeting, training program, document, or other communication since January 1, 2007 which you have regarding the establishment, maintenance, implementation,

7

improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro I or Metro 2, and identify any person(s) with knowledge of same and any document(s) regarding same.

## OBJECTION TO INTERROGATORY NO. 15:

Wells Fargo objects to Interrogatory No. 15 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Interrogatory No. 55. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

## INTERROGATORY NO. 18:

Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2. Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff s attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement.

## OBJECTION TO INTERROGATORY NO. 18:

Wells Fargo objects to Interrogatory No. 18 on the grounds that it is overly broad and unduly burdensome in that seeks identification of all lawsuits regarding any alleged violation of 15 U.S.C. § 1682s-2; unduly burdensome in that it would require an individual review of every litigation matter Wells Fargo is managing or has managed that involves allegations of such claims; and seeks discovery on matters that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as alleged in Counts VI –

8

VIII of the Complaint. Wells Fargo further objects to Interrogatory No. 18 on the grounds that of

certain the information sought by the plaintiff is publicly available and can be obtained by the

plaintiff.

## INTERROGATORY NO. 19:

Describe, state, and identify every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your reinvestigation procedures. Identify all documents that regard such system(s).

## OBJECTION TO INTERROGATORY NO. 19:

Wells Fargo objects to Interrogatory No. 19 on the grounds that it seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Subject to

and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to

Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been

produced, and Wells Fargo's substantive responses to Interrogatory No. 19.   Wells Fargo

reserves the right to supplement this response as additional information is identified that it may

rely on in its defense of this action.

## Objections to Requests for Production of Documents

### REQUEST FOR PRODUCTION NO. 6:

Produce all documents or exhibits, which you intend to produce at trial.

### OBJECTION TO REQUEST FOR PRODUCTION NO. 6:

Wells Fargo also objects to Document Request No. 6 as premature because discovery is still in progress and neither party can be expected to determine those documents it plans to rely on at trial at this stage of the proceedings. Wells Fargo also objects to Document Request No. 6 on the ground that it seeks to impose upon Wells Fargo obligations different from, or in addition to, those set forth in Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, or any applicable orders of the Court, as it seeks to require Wells Fargo to identify every document it may use in its defense and its trial exhibits prior to the time required under those rules.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses to Document Request No. 6. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

### REQUEST FOR PRODUCTION NO. 7:

Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

10

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7**:

Wells Fargo objects to the extent that the request seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 7 on the grounds that it seeks the disclosure of legal opinion, conclusions or interpretations, or confidential, proprietary business or financial information. Wells Fargo further objects to the production of electronically-stored information (ESI) that is not reasonably accessible on the grounds that the production of such ESI is unduly burdensome and costly, unreasonably cumulative or duplicative, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive. Wells Fargo further objects to the production of ESI to the extent that the information is available through other means in discovery, and the burden and expense of the proposed ESI discovery outweighs its likely benefit.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses Request No. 7. Wells Fargo reserves the right to supplement this response as additional information is identified that it may rely on in its defense of this action.

**REQUEST FOR PRODUCTION NO. 9**:

Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to her (*sic*).

**OBJECTION TO REQUEST FOR PRODUCTION NO. 9**:

Wells Fargo objects to Document Request No. 9 as overly broad as reflected by the use of the word "all" and frequent use of the word "any," and unduly burdensome in that it appears to request all documents related to all the operations of all computer program or software for all data, vague as to the term "pertaining" to the plaintiff. Wells Fargo further objects to this Request on the grounds that it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 9 on the ground that it seeks disclosure of confidential or proprietary business or financial documents. Wells Fargo further objects to the production of electronically-stored information (ESI) that is not reasonably accessible on the grounds that the production of such ESI is unduly burdensome and costly, unreasonably cumulative or duplicative, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive. Wells Fargo further objects to the production of ESI to the extent that the information is available through other means in discovery, and the burden and expense of the proposed ESI discovery outweighs its likely benefit.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses as they pertain to the plaintiff to Document Request No. 9. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

12

**REQUEST FOR PRODUCTION NO. 10**:

Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.


**OBJECTION TO REQUEST FOR PRODUCTION NO. 10**:

Wells Fargo objects to Request for Production No. 10 on the grounds that it is overly broad and unduly burdensome in that it seeks every Wells Fargo document for all time related to reporting; and seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 10 on the ground that it seeks disclosure of confidential or proprietary business or financial documents. Wells Fargo further objects to the production of electronically-stored information (ESI) that is not reasonably accessible on the grounds that the production of such ESI is unduly burdensome and costly, unreasonably cumulative or duplicative, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive. Wells Fargo further objects to the production of ESI to the extent that the information is available through other means in discovery, and the burden and expense of the proposed ESI discovery outweighs its likely benefit.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses as they pertain to the plaintiff to Document Request No. 11. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

13

**REQUEST FOR PRODUCTION NO. 12:**

Produce all minutes, memos, letters, emails or other documents, electronic or non-electronic which pertain to or regard each and every occasion on which any of your employees or agents has communicated or met with any employee or agent of Experian regarding the allegations, facts, positions, findings, holdings, verdict, decisions or opinions which were presented, made, asserted, rendered or written by Linda Slater (Linda Johnson), MBNA or the District Court or Court of Appeals in the case *Linda Slater (Linda Johnson) v. MBNA*, Eastern District of Virginia, Civ. No. 3:02CV523.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 12**

Wells Fargo objects to Request for Production No. 12 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to the extent its calls for the potential identification or production of information or documents protected by the attorney-client privilege and self-evaluation privilege.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for creating and/or publishing consumer reports or the reinvestigation of consumer disputes after the Sixth Circuit's decision in *Johnson v. MBNA*.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Wells Fargo objects to Request for Production No. 13 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to the extent its calls for the potential identification or

production of information or documents protected by the attorney-client privilege and self-evaluation privilege.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff's file or regarding the Plaintiff or any account, which you had attributed to him.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Wells Fargo objects to Request for Production No. 14 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint.

**REQUEST FOR PRODUCTION NO. 15:**

Produce every manual or other document which explains and/or describes when, how and under what circumstances you archive, retain or capture account data in any file bearing any of Plaintiff's personal identifiers.

**OBJECTION TO REQUEST FOR PRODUCTION NO 15:**

Wells Fargo objects to Request for Production No. 15 on the grounds that it is overly broad and unduly burdensome as it seeks every Wells Fargo document for every system used by Wells Fargo and in that personal identifiers are part of every system used by Wells Fargo; and seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 15 on the ground that it seeks disclosure of confidential or proprietary business or financial documents. Wells Fargo further objects to the

15

production of electronically-stored information (ESI) that is not reasonably accessible on the grounds that the production of such ESI is unduly burdensome and costly, unreasonably cumulative or duplicative, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive. Wells Fargo further objects to the production of ESI to the extent that the information is available through other means in discovery, and the burden and expense of the proposed ESI discovery outweighs its likely benefit.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses as they pertain to the plaintiff to Document Request No. 15. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

## REQUEST FOR PRODUCTION NO 17:

Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

## OBJECTION TO REQUEST FOR PRODUCTION NO 17:

Wells Fargo objects to Document Production Request No. 10 to the extent that it calls for the identification or production of any information or documents protected by the attorney-client privilege, attorney work product, self evaluation privilege or otherwise protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure or other applicable law. Wells Fargo further

objects to this request as overly broad and unduly burdensome to the extent that it would require an individual review of every witness's involvement in litigation matters and seeks discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses as they pertain to the plaintiff to Document Request No. 17. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

**REQUEST FOR PRODUCTION NO 19:**

Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2011).

**OBJECTION TO REQUEST FOR PRODUCTION NO 19:**

Wells Fargo objects to Document Request No. 19 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to the extent that it seeks the disclosure of confidential or proprietary business or financial information.

**REQUEST FOR PRODUCTION NO. 25:**

Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 25:**

Wells Fargo objects to Request for Production No. 25 on the grounds that it is overly broad and unduly burdensome as it seeks every document in Wells Fargo's possession that related to reinvestigation procedures; and seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 25 on the ground that it seeks disclosure of confidential or proprietary business or financial documents. Wells Fargo further objects to the production of electronically-stored information (ESI) that is not reasonably accessible on the grounds that the production of such ESI is unduly burdensome and costly, unreasonably cumulative or duplicative, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive. Wells Fargo further objects to the production of ESI to the extent that the information is available through other means in discovery, and the burden and expense of the proposed ESI discovery outweighs its likely benefit.

Subject to and without waiving the foregoing general and specific objections, Wells Fargo refers plaintiff to the category of documents listed in Wells Fargo's Amended Rule 26(a)(1) Disclosure Statement, documents that have been produced, and Wells Fargo's substantive responses as they pertain to the plaintiff to Document Request No. 25. Wells Fargo reserves the right to supplement this response as additional documents are identified that it may rely on in its defense of this action.

**REQUEST FOR PRODUCTION NO. 27:**

Produce any settlement agreement in which you have been a party, which disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 27:**

Wells Fargo objects to Request for Production No. 27 on the grounds that it is overly broad and unduly burdensome in that seeks identification of all lawsuits regarding any alleged violation of 15 U.S.C. § 1682s-2; unduly burdensome in that it would require an individual review of every litigation matter Wells Fargo is managing or has managed that involves allegations of such claims; and seeks discovery on matters that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the plaintiff's claims as alleged in Counts VI – VIII of the Complaint.

**REQUEST FOR PRODUCTION NO. 28:**

Produce any documents that list the names, positions and job descriptions of all of your employees.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 28:**

Wells Fargo objects to Document Request No. 28 on the grounds that it overly broad and unduly burdensome. Further, Wells Fargo object to this Request for Production to the extent it seeks the disclosure of confidential or proprietary business or financial information and on the grounds that it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims as set forth in Counts VI – VIII of the Complaint.

**REQUEST FOR PRODUCTION NO. 29**:

Please produce any document that details and describes the organizational structure of your company.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 29**

Wells Fargo objects to Document Request No. 29 on the grounds that it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's individual claims as set forth in Counts VI – VIII of the Complaint. Wells Fargo further objects to Document Request No. 29 to the extent it seeks disclosure of confidential or proprietary financial documents.


**WACHOVIA MORTGAGE**
*A division of* **WELLS FARGO BANK, N.A.**

By: _____

Hunter W. Sims, Jr., Esq. (VSB No. 09218)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax:     (757) 624-3169
E-mail: hwsims@kaufcan.com

Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, VA 23219
Phone: (804) 771-5745
Fax:     (804) 771-5777
E-mail: tcfrank@kaufcan.com
***Counsel for Wells Fargo Bank, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2012, a true copy of the following was e-mailed, and on January 17, 2012, a true copy was furnished via first class mail to the following:

Leonard A. Bennett, Esq.
E-mail: lenbennett@clalegal.com
Susan M. Rotkis, Esq.
E-mail: srotkis@clalegal.com
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq.
E-mail: kkelly@siplfirm.com
Surovell Isaacs Petersen & Levy, PLC
4010 University Drive, Second Floor
Fairfax, VA 22030
(703) 277-9774 - Telephone
(703) 591-2149 - Facsimile
*Counsel for Plaintiff*

David Neal Anthony, Esq.
Email: david.anthony@troutmansanders.com
Troutman Sanders LLP
Troutman Sanders Bldg.
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23219
(804) 697-5410 - Telephone
(804) 698-5118 - Facsimile

Timothy James St. George, Esq.
Email: tim.stgeorge@troutmansanders.com
Troutman Sanders LLP
Troutman Sanders Bldg.
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23219
*Counsel for Experian Information Solutions*

Grant Edward Kronenberg, Esq.
Email: gkronenberg@morrismorris.com
Morris & Morris PC
11 South 12th Street
5th Floor
P.O. Box 30
Richmond, VA 23218
(804) 344-6334 - Telephone
(804) 344-8359 - Facsimile
*Counsel for TransUnion, LLC*

By: _____
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, VA 23219
Phone: (804) 771-5745
Fax:     (804) 771-5777
E-mail: tcfrank@kaufcan.com
*Counsel for Wells Fargo*

11495418_1.DOC

21