IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| JOSEPH R. ERNST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-cv-625 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Exhibit A of this Document, Declaration of C. Vance Beck, Esq., is being filed in redacted form subject to the Defendant's Motion for Leave to File Under Seal, Notice of which is being filed simultaneously herewith.

## DEFENDANT WELLS FARGO'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Wells Fargo Bank, N.A. as successor to Wachovia Mortgage, FSB ("Wells Fargo"), by counsel, opposes the Motion to Compel filed by the Plaintiff, Joseph R. Ernst ("Plaintiff"), and states as follows:

## I.     Introduction

The Plaintiff's motion seeks to compel production and/or responses to almost every single Interrogatory and Request for Production propounded by the Plaintiff and to which Wells Fargo lodged reasonable objections. In addition, and without waiving its objections, Wells Fargo has provided substantive responses to the Plaintiff's Interrogatories, and has supplemented the same. Wells Fargo has also produced in excess of 3,600 documents to date in this case. Counsel for both parties met and conferred prior to the Plaintiff filing his motion to compel, and it was Wells Fargo's understanding that the matter had been resolved with respect to all discovery

requests with the exception of Interrogatories 10, 12, 14 and 18, and Request for Production 17 and 19. Wells Fargo respectfully requests the Court to disregard Plaintiff's arguments that are not directly related to the above described discovery requests.

## II.   Background

Wells Fargo is one of the country's largest banks, and is a frequent target of lawsuits. Indeed, Mr. Bennett, Plaintiffs' counsel in this case, brings scores of cases in this district every year. Without any appreciable damages and primarily for tactical purposes, Plaintiffs' counsel consistently requests documents and responses that are irrelevant or unnecessary to the cases. His motion to compel filed in this case is but the latest example.

If Wells Fargo were required to comply with the Plaintiff's request, which are designed to harass Wells Fargo and drive up the costs of litigation, as part of the "scorch the earth" trial tactic oft-employed by Mr. Bennett, Wells Fargo would incur significant and unnecessary discovery, contrary to the letter and spirit of Fed. R. Civ. Proc. 26.  *See* Wright and Miller, Federal Practice & Procedure, § 2008.1.  "A court must limit the frequency or extent of use of any discovery method provided under the Federal Rules of Civil Procedures and by any local rule when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.  . . .  [T]he court must act in an even-handed manner to prevent the misuse of discovery to wage a war of attrition to coerce a party, irrespective of the party's financial ability."  6 *Moore's Federal Practice* § 26.60[5] (3d. ed. 2006).

Wells Fargo continues to object to the Plaintiff's demand for the following:

(1)     A list of every case field against Wells Fargo under 15 U.S.C. § 1681s-2;

(2)     the style of every case;

(3)     list of all co-defendants;

(4)     court where filed;

(5)     case number;

(6)     plaintiff's attorney;

(7)     date filed;

(8)     disposition;

(9)     terms of settlement;

(10)     a list of every lawsuit Wells Fargo's witnesses in this case have testified in by deposition, affidavit, trial testimony or report; and

(11)     copies of all such affidavits, transcripts and reports.

### III.     Specific Requests

**A.     Interrogatories 12, 14 and Request for Production No. 19.**

_Interrogatory No. 12_: _State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010._

_Request for Production No. 19_: _Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2011)._

_Interrogatory No. 14:_ _State the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint. For each paragraph of Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff was responsible for the mortgage loan #5120046451936, state every single reason and fact and identify every single document that supports your contention._

Wells Fargo responded to Interrogatory Nos. 12 and 14, and Request for Production No. 19 with its Supplemental Responses to Plaintiff's Discovery on February 24, 2012, and respectfully requests that the Court deem the motion to compel as these requests as moot.

**B.      Interrogatory 10 and Request for Production 17**

*Interrogatory No. 10: Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit.  For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel.  Please explain and describe the nature of each such statement by the person so identified.   Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.*

*Request for Production No. 17: Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.*

The discovery materials sought by the Plaintiff in Interrogatory No. 10 and Request for Production No. 17 are overly broad and burdensome, and Wells Fargo maintains the objections it timely served on the Plaintiff. Wells Fargo, without waiving its objections, fully answered Interrogatory No. 10 with its substantive responses to Interrogatory No. 10 and its initial disclosures made pursuant to Rule 26(a). Wells Fargo has also amended its disclosures each time new material was discovered and/or Wells Fargo decided it may rely on the same at trial. In addition, the Plaintiff has now deposed seven (7) of Wells Fargo's employees, all of whom the Plaintiff inquired about prior testimony. Only one employee, Wanda Wright, testified that she had been a witness at trial or in a deposition in a few prior cases, none of which was related to

claims of identity theft,[1] which the Plaintiff's claims here. Further, Wells Fargo's designated Rule 30(b)(6) witness, Mike Dolan, has never testified in a FCRA case, and production of trial transcripts, affidavits or deposition transcripts could not reasonably lead to the discovery of admissible evidence. Nor is Wells Fargo in possession of any such documents related to the prior testimony of its expert, Jean Noonan.

## C.   Interrogatory 18

*Interrogatory No. 18*: *Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2. Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff s attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement.*

With regard to Interrogatory No. 18, Wells Fargo renews its objections to the propounded discovery. The Plaintiff seeks to discover "every lawsuit in which [Wells Fargo has] been sued for … alleged violation[s] of 15 U.S.C. § 1681s-2. Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff s attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement." The Court should deny the Plaintiff's motion to compel as overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

### 1.   The Plaintiff offers no reliable support for his position that all lawsuits filed against Wells Fargo under 15 U.S.C. § 1681s-2 should be discoverable.

The Plaintiff offers no legal support for its argument that past lawsuits filed against Wells Fargo pursuant to 15 U.S.C. § 1681s-2 are relevant to whether the Wells Fargo's actions in this highly fact specific case are "willful." As a threshold matter, the Plaintiff incorrectly describes

---

[1] Wells Fargo does not yet have the deposition transcripts for Wanda Wright or the other two recent deponents (Yessica Ortiz and Sharon Chapman), but recalls that none of the three testified that they had been witnesses in a case alleging FCRA claims.

the court's holding in <u>Dalton v. Capital Assoc.</u> (247 F.3d 409 (4th Cir. 2001)) when he claims that the "Fourth Circuit has held relevant to a willfulness determination the question of whether or not there is 'evidence that other consumers have lodged complaints similar to' the plaintiff in this case" (Plaintiff's Memo. in Support of Mot. to Compel, p. 15). A determination of whether Wells Fargo's actions in this case were "willful' – which Wells Fargo disputes – necessarily requires a review of the facts <u>of this case</u>. The Fourth Circuit's opinion in <u>Dalton</u> was based on a plaintiff's appeal of the trial court's award of summary judgment to a credit reporting agency (247 F.3d at 412), and had little or nothing to do with a discovery dispute. <u>Dalton</u> does not address a request to produce <u>every</u> lawsuit for an alleged FCRA violation and certainly does not speak to the validity of such a request. The Plaintiff cites <u>Dalton</u> to support his argument that evidence of other complaints against Defendant goes to willfulness.  However, the <u>Dalton</u> Court ultimately holds that the defendant credit reporting agency did not act willfully. The sentence quoted by the Plaintiff in support of his motion to compel is merely *gratis dictum* and should not be read as the Fourth Circuit having reviewed the issue of whether prior cases are discoverable, as the Plaintiff inappropriately suggests here.

    In addition, the Court should disregard the Plaintiff's argument with regard to the unreported cases cited from this District. Mr. Bennett was counsel of record for each of the five cases cited by the Plaintiff, yet he fails to attach copies of the unreported material he relies upon. As the opinions are no longer available on the Court's CM/ECF website, Wells Fargo has no way to determine the veracity of Plaintiff's argument. While certain opinions in each of the cases are available, counsel for Wells Fargo was unable to locate any of the Court's orders on alleged motions to compel or motions in *limine* on this issue in three of the cases cites by the Plaintiff in

Faile v. Equifax Info. Servs. (3:06cv617); Alabran v. Capital One Bank[2] (3:04cv935) or Grizzard v. Sallie Mae (3:04cv625). This is especially egregious as Mr. Bennett appears to quote at length from an opinion in Grizzard and from a pre-trial conference transcript in Mullins v. TransUnion (3:05cv888), neither of which Wells Fargo was able to locate[3]. While Wells Fargo does not doubt Mr. Bennett's wealth of experience in FCRA cases, there is a pattern in this case of incorrect and/or confusing citations both to the record and to cases cited in support of legal positions, and therefore Wells Fargo is unwilling to assume that his citations in the motion to compel are accurate. As the Plaintiff has failed to provide support for his argument that information concerning prior lawsuits is discoverable, the Court should deny his motion to compel.

> 2. **Assuming *arguendo* that the Plaintiff was entitled to discover prior lawsuits, such discovery places an undue and unreasonable burden on Wells Fargo.**

The Court should further deny the Plaintiff's motion to compel as to other lawsuits because the information sought by the Plaintiff is not readily available, would be an extreme burden on Wells Fargo to obtain it, and would not lead to relevant information sought with regard to the unique fact pattern in this case. In addition, the Plaintiff seeks discovery as to all settlement agreements between other plaintiffs and Wells Fargo in cases brought under 15 U.S.C. § 1681s-2. Any such settlement agreements are made presumably conditioned upon confidentially clauses, as has been the case for other defendants in this case (i.e. TransUnion and Experian). Facts to support Wells Fargo's contention that discovery of prior lawsuits is burdensome can be found in the Declaration of C. Vance Beck, Esq., an unredacted version of

---

[2] Plaintiff identifies the wrong case in Alabran, which should be 3:04cv935, not 3:05cv935 as cited by the Plaintiff. The only opinion on PACER in Alabran is with regard to the parties' cross-motions for summary judgment.

[3] Plaintiff cites to "Williams" as well, but does not provide the case name or number.

which is attached to Wells Fargo's Motion for Leave to File Under Seal, filed simultaneously herewith. A redacted copy is attached hereto as **Exhibit A**.

## IV.   Conclusion

For the reasons stated, Plaintiff's Motion to Compel should be denied.

**WELLS FARGO BANK, N.A.,**

_____/s/ Terry C. Frank_____
By Counsel

Hunter W. Sims, Jr., Esquire (VSB No. 09218)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia  23510
Phone:  (757) 624-3000
Fax:      (757) 624-3169


Terry C. Frank, Esq.  (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 E. Cary St., 14th Floor
Richmond, VA 23219
Phone: (804) 771-5700
Fax: (804) 771-5777
_Counsel for Defendant Wells Fargo Bank, N.A.,_
_successor to Wachovia Mortgage FSB_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27 day of February 2012, a true copy of the foregoing has filed with the Court's CM/ECF system, which will provide electronic notice to:

Leonard A. Bennett, Esquire
E-mail:  lenbennett@cox.net
Susan M. Rotkis, Esquire
E-mail:  srotkis@clalegal.com
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile
***Counsel for Plaintiff***

Kristi Cahoon Kelly, Esquire
E-mail:  kkelly@smillaw.com
Surovell Isaacs Petersen & Levy, PLC
4010 University Drive, Suite 200
Fairfax, VA  22030
Phone:  703/277-9774
Fax:      703/591-2149
***Counsel for Plaintiff***

By:     /s/ Terry C. Frank
Terry C. Frank, Esquire (VSB No. 74890)
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, VA 23219
Phone:  (804) 771-5745
Fax:      (804) 771-5777
E-mail: tcfrank@kaufcan.com

11559259_1