**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOSEPH R. ERNST,**

        **Plaintiff,**

**v.**                                    **CIVIL NO.  3:11-cv-625**

**EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, WACHOVIA MORTGAGE,
a Division of WELLS FARGO BANK, N.A.,**

        **Defendants.**

<u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
ENTRY OF AN ORDER TO SEAL AFFIDAVIT</u>

COMES NOW the Plaintiff, by counsel, and for his Memorandum in Opposition to

Defendant's Motion for Leave to File Under Seal, he states as follows:

BACKGROUND

This is an action brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C.

§1681s-2(b).  The Plaintiff, a consumer, has alleged that Defendant Wells Fargo failed to

lawfully investigate his numerous disputes of an identity theft account made through the credit

reporting agencies.

After filing a Motion to Compel, Defendant asked Plaintiff's counsel for leave to file a

belated response to Plaintiff's Motion to Compel through February 27, 2011. Plaintiff's counsel

consented to the enlargement.  Then, late the evening of the deadline, Defendant filed its

response and contemporaneously also filed a Motion to Seal the affidavit of Van Beck, the in-

house litigation attorney who is overseeing the defense in the case.

1

That affidavit is offered without any basis to believe it is confidential.  Defendant's

Motion to Seal also included not one single fact to support an argument that the affidavit is

confidential under the law governing motions to seal.  Plaintiff opposes this non-rules based

motion.

ARGUMENT

Defendant does not attempt to follow the Federal Rules of Civil Procedure or governing

law.  It cannot possibly meet the very steep burden necessary to obtain leave to file a document

under seal.   Remarkably, it does not even attempt the effort. First, Defendant did not properly

file a motion seeking leave to file a sealed document, making it procedurally difficult to respond

and rule on whether leave should be granted to file a sealed document.  However, that

impediment is easily cured.  Yet, it still has not presented the court with any justification for

entering an extraordinary order to seal a document.

As the Federal Rules 5.2(f)-(g) and Local Rule 5(C) contemplate, the standard for the

Court to withhold otherwise available information from the public is very high, whether by

Protective Order or by Seal.  *Ashcroft v. Conoco, Inc.*, 218 F. 3d 288 (4th Cir. 2000) (holding that

failure to follow the requirements and to make the showing to justify sealing records precludes

such an order); *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988)

(reasoning that "[t]he public's right of access to judicial records and documents may be abrogated

only in unusual circumstances");  *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984)

(holding that while a district court "has supervisory power over its own records and may, in its

discretion, seal documents if the public's right of access is outweighed by competing interests,

the 'presumption' in such cases favors public access.")  As the Fourth Circuit held in *Ashcroft*:

Accordingly, before a district court may seal any court documents, we held that it

2

> must (1) provide public notice of the request to seal and allow interested parties a
> reasonable opportunity to object, (2) consider less drastic alternatives to sealing
> the documents, and (3) provide specific reasons and factual findings supporting its
> decision to seal the documents and for rejecting the alternatives. *See Knight,* 743
> F.2d at 235- 36; *see also Stone,* 855 F.2d at 181. These procedures "must be
> followed when a district court seals judicial records or documents." *Stone,* 855
> F.2d at 179-80, 182.

*Ashcroft*, 218 F. 3d at 302.

Defendant entirely fails to satisfy these threshold requirements.  In particular, it does not offer any specific reason or offer any factual basis to find that sealing the suggested affidavit is necessary to avoid some harm.  And, of course, it would not have such a basis.  The affidavit is that of a mere litigation attorney seeking to avoid revealing Wells Fargo's strategy for confronting lawsuits alleging the Bank's misconduct, which is not a legitimate basis for the court to order the document to be sealed.  Further, even if it somehow was a valid reason, the "facts" claimed in the affidavit are nearly identical to those served in responses to Plaintiff's Interrogatories and inappropriately labeled as confidential, to which the Plaintiff objected under the terms of the stipulated protective order.

Accordingly, because the Defendant has failed to comply with the rules of the court, the case law or otherwise provide any cognizable support for its motion to seal, the Defendant's Motion for Leave to File Under Seal should be denied.

Respectfully,

**JOSEPH R. ERNST**

_____/s/_____

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.

3

763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Susan M. Rotkis
VSB #40693
Attorney for Plaintiff
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN &
LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone (703) 277-9774
Facsimile (703) 591-9285
kkelly@siplfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Hunter Wilmer Sims , Jr.
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
Email: hwsims@kaufcan.com

Terry Catherine Frank
Kaufman & Canoles PC (Richmond)
1021 E Cary St Suite 1400

Two James Center
PO Box 27828
Richmond, VA 23261
Email: tcfrank@kaufcan.com

*Attorneys for Wachovia Mortgage, a division*
*of Wells Fargo Bank, N.A.*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net